ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **ISLAND PORTFOLIO SERVICES, LLC COMO AGENTE FAIRWAY ACQUISITIONS FUND, LLC** <br> DEMANDANTE(S)-RECURRIDA(S) | | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN** |
| V. | **TA2025CE00556** | Caso Núm. **SJ2025CV04815** (803) |
| **AMAURY SANTIAGO FONFRÍAS** <br> DEMANDADA(S)-PETICIONARIA(S) | | Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 10 de diciembre de 2025.

Comparece ante este Tribunal de Apelaciones, el señor **AMAURY SANTIAGO FONFRÍAS** (señor **SANTIAGO FONFRÍAS**) mediante una *Petición de Certiorari* instada el 3 de octubre de 2025. En su recurso, nos solicita que revisemos la *Resolución Interlocutoria* emitida el 22 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan.[1] En la susodicha decisión, se concedió diez (10) días para enmendar y presentar las contestaciones del *Requerimiento de Admisiones* a las partes así como se les apercibió que, si en dicho término una parte no ha presentado a la otra sus contestaciones, se daría por admitido el requerimiento.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 24 de septiembre de 2025. Apéndice de la *Petición de Certiorari*, entrada núm. 15 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

## - I -

El 2 de junio de 2025, **ISLAND PORTFOLIO SERVICES, LLC** como agente de **FAIRWAY ACQUISITIONS FUND, LLC** (**ISLAND PORTFOLIO**) entabló una *Demanda* sobre cobro de dinero, bajo el procedimiento sumario de la Regla 60, en contra del señor **SANTIAGO FONFRÍAS**.[2] El 7 de julio de 2025, el señor **SANTIAGO FONFRÍAS** presentó su *Contestación a la Demanda* conteniendo sus defensas afirmativas.[3] Simultáneamente, se celebró audiencia mediante videoconferencia y se convirtió el procedimiento a uno ordinario.[4]

El 8 de julio de 2025, **ISLAND PORTFOLIO** presentó una *Moción Informativa* en la cual desplegó que había cursado el *Primer Pliego de Interrogatorios y Producción de Documentos, Requerimiento de Admisiones* y el *Informe de Manejo del Caso*.[5] Después, el 17 de agosto de 2025, el señor **SANTIAGO FONFRÍAS** presentó una *Moción Solicitando se dé por Admitido Requerimiento de Admisiones*.[6] En su escrito, alegó que el 8 de julio de 2025, remitió un *Requerimiento de Admisiones* a **ISLAND PORTFOLIO**; habían transcurridos los veinte (20) días concertados por la Regla 33 de las de Procedimiento Civil de 2009; y no se había contestado, por lo que debía darse por admitido.

Al día siguiente, el 18 de agosto de 2025, el foro primario dictó una *Orden* concediendo cinco (5) días para presentar su posición al señor **SANTIAGO FONFRÍAS**.[7] El 20 de agosto de 2025, **ISLAND PORTFOLIO** presentó *Moción Informativa, en Cumplimiento de Orden y que se Ordene Descubrir lo Solicitado*.[8]

---

[2] Apéndice de la *Petición de Certiorari*, entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[3] *Íd.*, entrada núm. 5 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[4] *Íd.*, entrada núm. 8 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[5] Entrada núm. 7 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[6] Apéndice de la *Petición de Certiorari*, entrada núm. 10 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). El señor **SANTIAGO FONFRÍAS** acompañó copia de un correo electrónico dirigido al licenciado Gabriel Antonio Ramos, el cual tenía adjunto dos (2) documentos: "*interrogatorio a SPS*" y "*req adm*". No obstante, la copia del correo electrónico **no** contiene fecha de envío. Además, incluyó copia del *Requerimiento de Admisiones* cursado a **ISLAND PORTFOLIO**.

[7] Apéndice de la *Petición de Certiorari*, entrada núm. 11 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[8] Apéndice de la *Petición de Certiorari*, entrada núm. 12 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). Junto a su comparecencia, incluyeron copia de un correo electrónico enviado el 28 de julio de 2025, al licenciado Bellver Espinosa; la misiva al amparo de la Regla 34.1 de las de Procedimiento Civil de 2009; el *Requerimiento de Admisiones* dirigido al señor **SANTIAGO FONFRÍAS**; y, el *Requerimiento de*

Expuso que, el 21 de julio de 2025, recibió mediante correo electrónico la contestación al *Requerimiento de Admisiones* y el señor **SANTIAGO FONFRÍAS** había respondido de manera incompleta los incisos uno (1) al once (11). Enunció que, de buena fe, dirigió por correo electrónico una comunicación en cumplimiento con la Regla 34.1 de las de Procedimiento Civil de 2009 y no había obtenido respuesta alguna. Con relación al *Requerimiento de Admisiones* destinado al señor **SANTIAGO FONFRÍAS**, explicó que se le traspapeló y ese mismo día, había mandado sus contestaciones.

El 22 de agosto de 2025, se celebró la *Conferencia Inicial* por videoconferencia a la cual comparecieron las representaciones legales de ambas partes.[9] El señor **SANTIAGO FONFRÍAS** arguyó que, obtuvo la contestación al interrogatorio y al requerimiento de admisiones, pero objetó que no se cumpliera con la Regla 33. Asimismo, **ISLAND PORTFOLIO** manifestó que tuvo objeción a las contestaciones del señor **SANTIAGO FONFRÍAS** y cursó comunicado a ese efecto. Al haber controversia sobre "Charge off" que surge del "Bill of sale", el foro recurrido dejó en suspenso el fallo en cuanto a los requerimientos de admisiones; y pautó audiencia de seguimiento para el 22 de septiembre de 2025.

En la audiencia pautada para el 22 de septiembre de 2025, luego de escuchados los planteamientos de las partes, el tribunal recurrido hizo constar que las respuestas de las partes al requerimiento de admisiones adolecían de ciertas deficiencias; por lo que, concedió diez (10) días para enmendar.[10] Aleccionó que, en caso de incumplimiento, se darían por admitidos. De igual manera, denegó la solicitud para que los requerimientos se dieran por admitidos en ese momento. En corte abierta, el señor **SANTIAGO FONFRÍAS** solicitó reconsideración. Sin embargo, el Tribunal se mantuvo e hizo referencia a la Regla 33. Así las cosas, en la misma fecha, se intimó la *Resolución Interlocutoria* recurrida.

---

*Admisiones* dirigido a **ISLAND PORTFOLIO**. Ello pese a que este último pliego está identificado como "contestación requerimiento de admisiones".

[9] Apéndice de la *Petición de Certiorari*, entrada núm. 14 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[10] *Íd*., entrada núm. 16 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

En desacuerdo, el 3 de octubre de 2025, el señor **SANTIAGO FONFRÍAS** recurrió mediante *Petición de Certiorari* ante este foro revisor señalando el(los) siguiente(s) error(es):

> Erró el Honorable Tribunal de Primera Instancia al abusar de su discreción y actuar en contravención a lo dispuesto en la Regla 33 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 33, al negarse a dar por admitido un Requerimiento de Admisiones que la parte demandante-recurrida no contestó ni objetó dentro del término mandatorio de veinte (20) días, condicionando incorrectamente el remedio automático de dicha regla al cumplimiento de otras obligaciones de descubrimiento de prueba por parte del peticionario.

El 14 de octubre de 2025, **ISLAND PORTFOLIO** presentó su *Alegato en Oposición a Certiorari*.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

## – II –

### – A – *CERTIORARI*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[11] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[12]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[13] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[14]

---

[11] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[12] *Íd.*
[13] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[14] *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[15] La referida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[16] La Regla 52.1 de las de Procedimiento Civil de 2009 instaura que los recursos de *certiorari* deben tramitarse de conformidad con la ley aplicable.[17] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público; o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[18]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[19]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[20] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;

---

[15] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[16] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[17] 32 LPRA Ap. V., R. 52.1.
[18] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra; McNeil Healthcare v. Mun. Las Piedras I, supr*a, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[19] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra.*
[20] *Íd.*

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[21]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[22] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[23] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[24] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación".[25]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[26] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[27]

- III -

En su recurso, el señor **SANTIAGO FONFRÍAS** punteó que el tribunal primario erró al negarse a dar por admitido el *Requerimiento de Admisiones* tramitado a **ISLAND PORTFOLIO** que no fuese contestado en el término dispuesto de veinte (20)

---

[21] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[22] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[23] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[24] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[25] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.
[26] *García v. Asociación*, 165 DPR 311, 322 (2005).
[27] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

días, y condicionando incorrectamente el remedio automático de la Regla 33 al cumplimiento de otras obligaciones de descubrimiento de prueba. Reiteró que **ISLAND PORTFOLIO** no contestó, objetó, ni solicitó una prórroga dentro del período mandatorio y se limitó a ignorar el *Requerimiento de Admisiones* cursado. Enfatizó que no constituyó "*justa causa*" el que el requerimiento se hubiese traspapelado, más aún cuando el foro de instancia no tenía ante sí la respuesta que, por error de **ISLAND PORTFOLIO**, no fue anejada a su *Moción Informativa, en Cumplimiento de Orden y que se Ordene Descubrir lo Solicitado*.

Por su parte, **ISLAND PORTFOLIO** apunta que la Regla 33 está sujeta a la apreciación judicial y al ejercicio prudente de la discreción del tribunal sentenciador, por lo que la provisión de otorgar un término adicional a las partes fue razonable, equilibrada y en total armonía con los principios de la justicia sustantiva y economía procesal. Ello, toda vez que el foro apelado reconoció que contestaron inadecuadamente el requerimiento de admisiones y correspondía subsanar los defectos.

Habida cuenta de que el recurso ante nuestra consideración se trata de un *Certiorari*, este Tribunal de Apelaciones debe determinar, como cuestión de umbral, si procede su expedición. Un tribunal intermedio revisor no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, o actuó con prejuicio o parcialidad, o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y nuestra intervención en esa etapa evitará un perjuicio sustancial.

Disertamos que el señor **SANTIAGO FONFRÍAS** no ha demostrado que el foro recurrido actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto. Nada en el expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Su exposición no nos mueve para inmiscuirnos en el manejo del caso o en la discreción del(de la) juez(a) quien presidió la sala en la cual se determinó que los *Requerimientos de Admisiones* adolecían de ciertos defectos y otorgó un término adicional de diez (10) días a las

partes para enmendar las réplicas. De igual modo, no observamos error alguno de parte del tribunal primario al emitir la *Resolución Interlocutoria* recurrida.

- **IV** -

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de *Certiorari* interpuesto el 3 de octubre de 2025 por el señor **SANTIAGO FONFRÍAS**. En consecuencia, deberá proseguirse con los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones